SOTOMAYOR, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Contract of Purchase and Sale with a Curable Defect.

No. 435.—Decided November 11, 1919.

RECORD OF TITLE—GRANT OF MUNICIPAL LOTS—CURABLE DEFECT.—As grants of lots by the municipal councils are governed by different rules according as they may have been made before or after the Act of March 7, 1912, went into effect, it is necessary, in order that the law may be correctly applied, to show the date of the grant; therefore when a certified copy of a resolution of a municipal council granting the use of a lot which does not show the date of such resolution is presented to the registry for record, such omission constitutes a curable defect.

The facts are stated in the opinion.
*Mr. Andrés Mena* for the appellant.
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

_ The Municipality of Caguas, being the owner by donation of a parcel of land of 81 acres situated in the said town, made, among others, a segregation of a lot of 389.94 square meters to be recorded as an independent property, giving its consent and permission to Ramón Sotomayor to build on the said lot a one-story frame house covered with zinc and clay tiles, as appears from the certificate issued on April 10, 1919, by the Municipal Secretary of Caguas.

The said certificate was presented in the Registry of Property of Caguas for record and was recorded with the curable defect that it did not show the date of the resolution adopted by the Municipal Council granting the lot, according to the decision of the registrar of July 16, 1919.

That decision is under consideration by virtue of an appeal taken by Ramón Sotomayor praying for its reversal as to the curable defect assigned.

In the certificate it is stated that the concession of the lot was ratified by Act No. 40 (p. 73) of March 7, 1912. The said act, which went into effect on the date of its approval, provides in its section 1 that the municipal council of any municipality is authorized to grant, upon request, the use of any lot owned by the municipality and situated within the urban zone, for the construction of buildings thereon, it being the duty of municipal councils to specify in such grants as they may make the respective rights of the grantor and of the grantee or his successors, with regard to the ownership of the buildings, the reconstruction thereof where the same shall have deteriorated or been destroyed, and such other provisions as may not be in conflict with the act. Section 4 of the act provides that all cessions of the use of lots made by any municipality to private persons, corporations or associations up to the date of the approval of the act, for the purpose of thereby encouraging the erection of buildings and urban development, are declared to be valid, provided the

grantee shall have duly complied with the conditions of the grant, and shall pay such property taxes thereon as may thereafter be levied, the municipal council being the sole judge as to whether or not a grantee has complied with the conditions of the grant.

As will be seen, concession of lots by the municipal councils are governed by different rules according to whether they were made before or after the Act of March 7, 1912, went into effect, and it is necessary, in order that the law may be correctly applied, to know the date on which the grant was made. Although the certificate seems to show that the grant was made before March 7, 1912, inasmuch as the Municipal Secretary of Caguas stated that the said grant was ratified by the act approved on that date, nevertheless that opinion of the Secretary has no legal effect, for his authority is limited to certifying to facts and it is not within his province to establish a conclusion of law as that the grant was ratified by the said act. That could have been done only by the Municipal Council of Caguas.

For the reasons stated the decision must be

*Affirmed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.